UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LA SEAN ANDERSON,

                              Plaintiff,                  Case # 15-CV-6735-FPG

v.                                                                     DECISION AND ORDER

AMY BENDER, et al.,

                              Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff La Sean Anderson seeks relief under 42 U.S.C. § 1983 for alleged violations of his First Amendment rights while he was an inmate at Lakeview Shock Incarceration Facility. ECF No. 1. Specifically, he alleges that Defendants Amy Bender and Debra Brakefield denied him access to the courts when they interfered with his legal mail. Plaintiff also alleges that, after he filed grievances about them, Defendants retaliated against him by interfering with his mail again.

On April 5, 2019, Defendants filed a Motion for Summary Judgment, which Plaintiff opposes. ECF Nos. 46, 50. For the reasons that follow, the Court grants Defendants' motion and dismisses this case.

## DISCUSSION

### I.    Summary Judgment Standard

A court grants summary judgment when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a)-(b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). It is the movant's burden to establish the nonexistence of any genuine issue of material fact. If there is record evidence from which a reasonable inference in the non-

moving party's favor may be drawn, a court will deny summary judgment. *See Celotex*, 477 U.S. at 322.

Once the movant has adequately shown the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to present evidence sufficient to support a jury verdict in its favor, without simply relying on conclusory statements or contentions. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995) (citing Fed. R. Civ. P. 56(e)). "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not genuine issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) (quotation marks omitted). Here, in light of Plaintiff's *pro se* status, the Court will construe his opposition papers liberally "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2009) (quotation marks omitted).

## II. Undisputed Facts

### A. Access to Courts

The Appellate Division, Third Department, affirmed Plaintiff's conviction and the New York Court of Appeals denied his application for leave to appeal. *See People v. Anderson*, 118 A.D.3d 1137 (3d Dep't 2014); *People v. Anderson*, 24 N.Y.3d 1000 (2014). Plaintiff wanted to move for reconsideration of this denial and to get an exhibit from his trial attorney, George Mehm, to attach to the motion. ECF No. 47-3 at 33-35, 45-47.

On October 28, 2014, Lakeview received a letter from Plaintiff's appellate counsel, Donnial Hinds, about the reconsideration motion. ECF No. 47 ¶ 18; ECF No. 47-8 at 8. The letter was delayed because it originally went to Five Points Correctional Facility, where Plaintiff was previously confined. ECF No. 47-3 at 15, 17-18. Other than the return address reading "D. Hinds, Esq.," there was no indication that it was legal mail and therefore it was opened per DOCCS's

2

policies for non-privileged correspondence. ECF No. 50 at ¶ 17. Once opened, mailroom personnel realized the error and resealed it, entered it in the Privileged Correspondence Log, and noted the error. ECF No. 47 ¶ 19. Defendant Brakefield, a Senior Mail Supply Clerk, wrote "sorry didn't realize it was legal opened in error" on the envelope and Plaintiff received it the next morning. *Id.* Plaintiff did not know who opened the letter and did not believe it was done intentionally. *Id.* ¶ 20.

Between November 5 and November 19, 2014, Plaintiff attempted to mail letters to Hinds and Mehm, but they were returned to him because he: (1) did not mark most of his envelopes as legal mail; (2) attempted to purchase more postage even though he was not eligible to do so; and (3) used up his allotment of five free legal mailings per week. ECF No. 47 ¶¶ 26-33. Mailroom staff advised Plaintiff of the first two issues on multiple occasions. *Id.* ¶ 33. Both letters were eventually sent, along with 21 other pieces of legal mail from Plaintiff between November 1 and November 28, 2014. *Id.* ¶¶ 38-40. The above delays and Defendants mistakenly opening the letter from Hinds led Plaintiff to file his reconsideration motion *pro se*, which the Court of Appeals denied. *Id.* ¶¶ 19, 34-35; *see Anderson*, 24 N.Y.3d at 1117.

### B. Retaliation

Because his request for leave to appeal and reconsideration motion were denied, Plaintiff wanted to file either a N.Y. C.P.L.R. Article 78 proceeding or a federal habeas corpus petition, and he sought assistance from Prisoner Legal Services of New York ("PLS") to do so. PLS sent Plaintiff a letter with general advice on initiating an Article 78 proceeding and filing a habeas corpus petition, but it did not agree to represent Plaintiff. The letter was treated as regular mail and opened pursuant to DOCCS's policies. Plaintiff testified that the opening of this letter did not

3

adversely impact him and that he did not know who sorted and opened it. ECF No. 47 ¶¶ 41-45; ECF No. 47-3 at 58-59.

On November 17, Plaintiff wrote to Inmate Grievance Program Director Bellamy, and the letter was opened and returned to him the same day. The letter was successfully mailed to Bellamy on the second attempt. ECF No. 47 ¶¶ 47-48. In response to Plaintiff's grievance about this event, Defendant Brakefield stated that the outgoing mail log showed the letter as being sent on November 17 and that she had no information suggesting it was returned to Plaintiff. *Id.* ¶ 51. Plaintiff testified that the opening of this letter did not adversely impact him, except that he felt like his privacy had been violated. *Id.* ¶ 48; ECF No. 47-3 at 75.

About one month later, Plaintiff received a letter from the New York Court of Claims regarding the status of his case. ECF No. 47-3 at 76-77. The letter was treated as regular mail and delivered to him opened. ECF No. 47 ¶ 52; ECF No. 47-3 at 75-77. Plaintiff filed a grievance and Defendant Brakefield responded that there was no record of opening the letter and that if it was opened it was a mistake. Brakefield also said that there were trainees in the mailroom and that the letter may have "inadvertently been processed as regular mail." ECF No. 47 ¶ 56. Plaintiff testified that the opening of this letter did not adversely impact him, except that he felt like his privacy had been violated. *Id.* ¶ 55; ECF No. 47-3 at 83.

### III. Analysis

#### A. Denial of Access to Courts

A correctional facility must provide an inmate with meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828 (1977), but the limitation of a prisoner's access to legal materials, without more, does not state a constitutional claim. *Jermosen v. Coughlin*, 877 F. Supp.

4

864, 871 (S.D.N.Y. 1995) (stating that the Constitution requires only "reasonable access to the courts" (citation omitted)).

Moreover, a plaintiff must show that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351(1996); *accord Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987). Thus, a plaintiff must show that he suffered actual injury traceable to the prison official's conduct. To do so, he must show that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the prison official's actions. *Lewis*, 518 U.S. at 351-52. A delay in communicating with counsel does not "amount to a constitutional deprivation of access." *Brown v. Williams*, 95 CV 3872 (SJ), 1998 WL 841638, at *5 (E.D.N.Y. Dec. 4, 1998).

### 1. Letters to and from Attorneys

Defendants are entitled to summary judgment on this claim because Plaintiff provides no evidence suggesting that the delays or issues with his legal mail caused him actual injury.

Plaintiff asserts that having to file his reconsideration motion *pro se* constitutes actual injury, but he cites no record evidence indicating that he was prejudiced when Defendants opened the letter from Hinds. Hinds already applied for leave to appeal, which the Court of Appeals denied. Plaintiff's *pro se* reconsideration motion raised the same issues as those raised in Hinds's application for leave to appeal. *Compare* ECF No. 47-11 (Hinds's letter to the Court of Appeals), *with* ECF No. 1 at 27-28 (Plaintiff's letter to the Court of Appeals). Plaintiff's reconsideration motion may have been delayed, but it was eventually filed. There are also no facts suggesting that Hinds agreed to file a reconsideration motion on Plaintiff's behalf. Plaintiff successfully accessed the Court of Appeals, and he raises no genuine issue of material fact indicating that filing the motion *pro se* prejudiced him.

5

Plaintiff also alleges that the trial exhibit he wanted from Mehm would have shown "extraordinary and compelling circumstances" necessary to raise new issues on appeal under the New York Court of Appeals Rules of Practice. Plaintiff asserts, without support, that this exhibit would have met that burden. But Plaintiff must use evidence, not conjecture and speculation, to show that a genuine issue of material fact exists as to whether not having this exhibit caused him actual harm.

Accordingly, because Plaintiff has failed to raise a triable issue of fact as to whether he suffered actual injury, his denial of access to the courts claim related to his correspondence with Hinds and Mehm must be dismissed.

### 2. Letters from PLS and to Bellamy

Plaintiff also claims that a letter from PLS was opened and treated as regular mail, and that a letter he tried to send to Bellamy was opened and returned to him. ECF No. 1 at 11-15; ECF No. 47 ¶¶ 41-43, 47-51. Plaintiff claims that Defendants interfered with these letters to discourage him from filing grievances. ECF No. 1 at 12, 14.

To the extent Plaintiff alleges that these letters denied him access to the courts, he has not raised a genuine issue of fact as to whether he suffered actual harm. Plaintiff testified that, other than feeling like his privacy was violated, Defendants opening those letters did not adversely impact him. ECF No. 47 ¶¶ 48, 51; ECF No. 47-3 at 58-59, 63, 74-75. Accordingly, these claims must be dismissed.

### 3. Letter from New York Court of Claims

Finally, Plaintiff alleges that a letter from the New York Court of Claims was opened as regular mail and thus denied him access to the courts. ECF No. 1 at 15-16, 80; ECF No. 47-3 at 75-77. Plaintiff testified, however, that the opening of the letter, other than violating his privacy,

6

did not adversely impact him. ECF No. 47-3 at 82. Because there is no genuine issue of material fact as to whether this incident caused Plaintiff actual harm, his claim must be dismissed.

For all of the reasons stated, the Court grants Defendants' Motion for Summary Judgment on all of Plaintiff's denial of access to the courts claims.

### B. Retaliation

Plaintiff alleges that Defendants improperly handled his mail in retaliation for grievances that he filed. ECF No. 1 at 17-19. Defendants contend that they are entitled to summary judgment on this claim because Plaintiff cannot show that he suffered adverse action sufficient to constitute a First Amendment violation.

To state a First Amendment retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected speech or conduct; (2) the defendant took adverse action against him; and (3) there is a causal link between the protected conduct and the adverse action. *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Adverse action is any conduct "that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003).

"[L]imited withholding or delay of a prisoner's mail does not constitute an adverse action sufficient to support a retaliation claim." *See, e.g.*, *Green v. Niles*, No. 11 Civ. 1349 (PAE), 2012 WL 987473, at *5 (S.D.N.Y. Mar. 23, 2012) (collecting cases). Similarly, "a delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995).

Defendants are entitled to summary judgment on Plaintiff's retaliation claims because mail interference does not constitute adverse action to support such a claim. Moreover, by Plaintiff's

7

own admission, he was not adversely impacted by having his mail opened or delayed and thus was not deterred from exercising his constitutional rights. ECF No. 47-3 at 58-59, 75, 82-83,

Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's retaliation claims.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 46) is granted and this case is dismissed with prejudice. The Clerk of Court will enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies leave to appeal to the Court of Appeals as a poor person. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: July 19, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court